JohNsoN, C. J. The record in this case presents but one single point for our adjudication, and that is, whether the original judgment upon which the execution issued is merely erroneous or absolutely null and void. The decision of this question will depend entirely upon the fact whether the defendants were duly notified of the pen-dency of the motion against them. The 40th sec. of chap. 60 of the Revised Code, declares that, “If the condition of the bond be broken and the execution be returned unsatisfied, the defendant and his securities shall be deemed to have notice of the facts, and the plaintiff, without further notice, may, on the return day of the execution, or on any subsequent day of the term at which such execution is returned, move the court for judgment on the bond against the defendant and his securities, or any of them, or the plaintiff may at his option bring an ordinary suit on the bond.” The recital in the record and upon which the judgment was predicated is as follows, to wit: “On this day came the said plaintiff, by attorney, and it appearing to the satisfaction of the court that execution issued on the judgment rendered in this case at the last term of this court, and that a delivery bond was given thereon by said defendants, John 11. Barkeloo, Henry F. Shaw, and Lorenzo Gibson, and Richard Coulter, as security, and that said delivery bond was forfeited, and that the said judgment still remains unsatisfied.” This court, in the case of McKnight v. Smith, ®said that “It is a universal principle pervading the whole jurisprudence of our country, necessary for the protection of civil liberty and the rights of property, that no person’s rights can be impaired or destroyed by a judicial sentence, unless he has first been made a party to the proceeding, or an opportunity afforded him to defend himself against it. This may, be done either by actual service of process against him, which informs him of the time, and place, and character, of the proceeding against him, or by constructive notice, which may be given in any manner provided by law. This notice is necessary to give the court jurisdiction of the person, and unless it is acquired in some mode, the judgments of the court are mere nullities. When a court has competent jurisdiction of the subject of controversy and the parties, every presumption of law in favor of the regularity of its proceedings, and of the grounds of them, is to be extended. This does not extend, however, to the proceedings of tire court in taking jurisdiction of the parties, as it is well established that the execise of jurisdiction by a court, does not prove that it correctly acquired it. The facts which confer jurisdiction upon the court, by operating as notice to the defendant, should not, therefore, be presumed, but appear on the record of the proceedings. The facts to which the law under this section, (the one already referred to), affixes the force of notice to the defendant, are the forfeiture of the condition of the delivery bond, and the return of the execution unsatisfied. These facts being .established to the satisfaction of the court, it may entertain the case and bind the defendant by its judgment. The record does not in-forrn us whether the execution was returned or not, or of what return was made, nor whether the bond was returned by the sheriff with the execution as required by section 44 of the same act. For aught that appears to us, on the record, there may be such a return as would show the defendant discharged, the execution stayed or satisfied, and yet consistent with the fact that the condition of the bond had been broken by the failure to deliver the property.” The construction given kto the Statute in that case applies with equal force here, as the facts of the two cases are not materially different. True it is, that the record in this case states, in addition to the fact that the delivery bond was forfeited, that the judgment also remained unsatisfied. This, however, is not the expression used by the Statute, nor is it equiva-' lent to it. For the judgment might have still remained unsatisfied, and yet the execution might have been stayed or otherwise satisfied. It is clear, therefore, that in the absence of the averment that the execution had been returned unsatisfied, or some other of equal import, that the defendants could not be said to be legally notified of the pendency of the proceeding against them. But it is objected, that although the defendants were not legally notified, yet the judgment rendered against them is not such a nullity as to be taken advantage of collaterally, but that the defect could only be reached ■ by an appeal or writ of error brought to reverse it. The Supreme Court of the United States, in the case of Hollingsworth v. Barbour et al., 4 Peters Rep. P. 471, said, “This court disclaims all authority to revise or correct the decree, on the ground of supposed error in the court, who pronounced the decree. The principle is too well settled and too plain to be controverted, that a judgment or decree pronounced by a competent tribunal against a party having actual or constructive notice of the pendency of the suit, is to be regarded by every other co-ordinate tribunal; and that if the judgment or decree be erroneous, die error can be corrected only by a superior appellate tribunal. The leading distinction is between judgments and decrees merely void, and such as are voidable only. The former are binding no where; the latter every where, until reversed by a superior authority.” It is a general law of the land, that no court is authorized to render a judgment or decree against any one or his estate until after due notice by service of process to appear and defend. This principle is dictated by natural justice; and. is only to be departed from in cases expressly warranted by law, and excepted out of the general rule. We are clear, therefore, that the record in this case does not disclose such facts as the Statute requires, to constitute a constructive notice to the defendants, and that consequently the judgment rendered upon the delivery bond is a mere nullity. This being the case, the execution founded upon is equally null and void, and was, therefore, properly superseded. The motion to set aside die supersedeas is therefore refused.